**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1082-17T2

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JAMES M. WASHINGTON,

     Defendant-Appellant.

_____

Submitted October 22, 2019 – Decided October 30, 2019

Before Judges Fisher and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Indictment No. 15-03-0306.

Joseph E. Krakora, Public Defender, attorney for appellant (David Anthony Gies, Designated Counsel, on the briefs).

Angelo J. Onofri, Mercer County Prosecutor, attorney for respondent (Brett A. Berman, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

At the conclusion of a two-day trial, defendant – a prison inmate serving a fifty-year term with a twenty-five-year period of parole ineligibility – was convicted of two counts of third-degree possession of a cellular device inside a correctional facility, N.J.S.A. 2C:29-10(b). After the verdict, defendant moved for a new trial, arguing the State failed to prove his possession of the devices. The trial judge denied the motion and sentenced defendant, a persistent offender, to concurrent six-year prison terms, with two-year periods of parole ineligibility, to be served after completion of the term defendant was then – and still is – serving.

Defendant appeals, arguing: (1) the judge's denial of the new trial motion "resulted in a miscarriage of justice" because the ruling "was based on inadmissible hearsay evidence"; and (2) the judge imposed an excessive sentence because, in ordering that the prison term follow completion of the term defendant was serving, the judge "did not consider the actual facts of the crimes for which he was convicted." We find insufficient merit in these arguments to warrant discussion in a written opinion. R. 2:11-3(e)(2). We only comment briefly on defendant's first point.

The evidence adduced at trial revealed that a corrections officer's search of defendant's cell uncovered a cellular phone and two chargers secreted inside

A-1082-17T2

a radio. An investigator's further examination of the radio uncovered another cellular phone. At trial, the investigator testified he knew the radio belonged to defendant because it was engraved with a prison serial number, which, when compared to the prison's log, identified the radio as belonging to defendant. The investigator explained in detail that the log was kept and maintained in the prison's ordinary course of business, thereby providing a sufficient foundation for their admission. N.J.R.E. 803(c)(6); see also Carmona v. Resorts Int'l Hotel, Inc., 189 N.J. 354, 380 (2007); Hahnemann Univ. Hosp. v. Dudnick, 292 N.J. Super. 11, 17 (App. Div. 1996). The worth of that evidence was for the jury to weigh.

Even if defendant's authentication argument had merit, admission of the prison records caused him no prejudice because other evidence unmistakably demonstrated defendant's ownership: the radio was found in a cell occupied only by defendant. The jury was entitled to find from this evidence that defendant had either actual or constructive possession of the radio and the cellular phones within.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1082-17T2